**Robert JONES, Petitioner,**

v.

**David HOOD, Superintendent, Respondent.**

**No. 90–CV–1043E(H).**

United States District Court, W.D. New York.

July 6, 1993.

J. Glenn Davis, Buffalo, NY, for plaintiff.

Mark Sacha, Erie County Dist. Attorney's Office, Buffalo, NY, for defendant.

## ORDER

ELFVIN, District Judge.

The Honorable Carol E. Heckman, a Magistrate Judge in this judicial district, having considered the within Petition pursuant to this Court's referral under 28 U.S.C. § 636(b)(1)(B) and having on May 18, 1993 filed her Report and Recommendation concerning such, and no objection thereto having been made, and the substance and rationale of said Report and Recommendation having been considered by this Court, it is hereby

**ORDERED** that said Report and Recommendation is fully confirmed and the Petition dismissed.

## DECISION; REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This petition for habeas corpus relief under 28 U.S.C. § 2254 was referred to the undersigned by Hon. John T. Elfvin to consider whether new counsel should be appointed to represent Petitioner, and to prepare a Report and Recommendation upon consideration of all matters pertinent to the disposition of this proceeding.

■ In exercising its discretion to appoint counsel to indigents in civil cases, the Court is guided by the factors set forth in *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986). Under those cases, the Court should "first determine whether the indigent's position seems likely to be of substance." *Id.,* supra, 802 F.2d at 61. Only if the claim meets this threshold requirement should the Court consider "secondary" crite-

ria, such as the indigent's ability to obtain representation independently, his or her ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity. *Cooper v. A. Sargenti Co., Inc., supra*, 877 F.2d at 172.

In making the threshold inquiry in this case, it has become clear from the state court records filed with Respondent's answer that Petitioner has failed to exhaust his state court remedies as to each of the claims presented in this petition. I therefore deny Petitioner's request for appointment of counsel, and recommend that the petition be summarily dismissed by the District Court in accordance with the Habeas Corpus Rules, for the reasons set forth below.

### FACTS

On April 27, 1981, Petitioner was found guilty in New York State Supreme Court, New York County, of second degree murder. He was sentenced as a juvenile offender to an indeterminate term of eight years to life (App. Brief, p. 3).[1] On August 3, 1981, Petitioner was transferred to the Masten Park Security Center in Buffalo, New York (*id.*).

On December 28, 1985, Petitioner was involved in an altercation with several members of the Masten Park staff during which Petitioner struck guard Billy Williams (P. 8–9).[2] Petitioner was charged with assault in the second degree in violation of N.Y. Penal Law § 120.05(7),[3] and held for the grand jury after preliminary hearing in Buffalo City Court (P. 2). While awaiting indictment, Petitioner accepted an offer to plead guilty to attempted assault in the second degree, a class E felony, in exchange for a promise of a minimum consecutive sentence of one and one-half to 3 years (P. 7). On March 11, 1986, Petitioner was sentenced as a second felony offender to an indeterminate term of one and one-half to three years, to run consecutive to his term of eight years to life (S. 6).[4] Petitioner was represented by counsel at the plea hearing and at sentencing.

On June 19, 1986, Petitioner filed a notice of appeal to the Appellate Division, Fourth Department. In his appellate brief, he argued that his plea was illegally obtained since the sentencing court, the prosecution, and defense counsel were all operating under the mistaken assumption that the Masten Park facility was a "correctional facility" as that term is defined in § 40(3) of the N.Y. Correction Law.[5]

On April 8, 1988, the Appellate Division unanimously affirmed the judgment of conviction and sentence, without opinion. *People v. Jones*, 139 A.D.2d 976, 527 N.Y.S.2d 668 (4th Dept.1988). Petitioner did not appeal from this affirmance. Instead, on September 7, 1990, while incarcerated at the Otisville Correctional Facility, he filed this petition *pro se* in the Southern District of New York. By order dated September 7, 1990, Judge Thomas P. Griesa, Acting Chief Judge of the Southern District of New York,

1. References to "App. Brief" are to Petitioner's Brief to the Appellate Division, Fourth Department, dated January 28, 1988, submitted with Respondent's answer as part of Petitioner's State Court Records.

2. References preceded by the letter "P" refer to pages of the transcript of the plea proceeding which took place in Erie County Court on January 31, 1986, submitted with Respondent's answer as part of Petitioner's State Court Records.

3. At the time of the incident, N.Y. Penal Law § 120.05(7) provided as follows:

   A person is guilty of assault in the second degree when ... [h]aving been charged with or convicted of a crime and while confined in a correctional facility, as defined in subdivision three of section forty of the correction law, pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.

   Assault in the second degree is a class D felony.

4. References preceded by the letter "S" are to pages of the transcript of the sentencing proceedings of March 11, 1986, submitted with Respondent's answer as part of Petitioner's State Court Records.

5. N.Y. Correction Law § 40(3) provides:

   "Correctional facility" means any institution operated by the state department of correctional services, any local correctional facility, or any place used, pursuant to a contract with the state or a municipality, for the detention of persons charged with or convicted of a crime.

transferred the petition to the Western District pursuant to Rule 32 of the Local Rules for the Southern District, based on the location of the county in which Petitioner was convicted.

Petitioner raises two grounds for habeas corpus relief:

(1) that his conviction was obtained by a plea of guilty which was unlawfully induced, since he was misled by the court and the prosecution to believe that he was confined in a "correctional facility" at the time of his arrest and conviction, as that term is used in N.Y. Penal Law § 120.05(7) and defined in N.Y. Correction Law § 40(3); and,

(2) that his plea was not made voluntarily with understanding of the nature of the charge and the consequences since he was not confined in a "correctional facility," and the person he assaulted was not a "correctional guard."

### DISCUSSION

Before a federal court may address the merits of any constitutional issue on a writ of habeas corpus, the petitioner must have exhausted all available state remedies as to that issue. 28 U.S.C. § 2254(b), (c); *Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991). Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had. *Daye v. Attorney General of the State of New York,* 696 F.2d 186, 190 n. 3 (2d Cir.1982), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

The exhaustion doctrine also requires that a habeas petitioner seeking to upset his or her state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon all of the federal claims asserted in the petition. *Id.* at 191; *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In order to have fairly presented federal claims to the state courts, the petitioner must have set forth in state court all of the essential factual allegations and legal doctrines asserted in the federal petition. *Daye, supra,* 696 F.2d at 192–93. This requirement is satisfied,

even where specific federal constitutional provisions or caselaw have not been cited, if the nature or presentation of the claim in state court was likely to alert that court to the claim's federal nature. *Id.* at 192. As the Second Circuit stated in *Daye:*

In summary, the ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of fact that is well within the mainstream of constitutional litigation.

*Id.* at 194.

In this case, the Petitioner failed to appeal the affirmance of his conviction to the New York Court of Appeals—the highest state court from which a decision on the merits of his claims could be had—thus failing to exhaust his state court remedies as to each of the claims asserted in his habeas corpus petition.

Moreover, Petitioner never fairly presented the federal constitutional nature of his claims for relief to the state courts. As evidenced by review of his appellate brief, Petitioner relied solely on state law in asserting his claims that his plea was unlawfully obtained because the alleged assault did not occur in a "correctional facility." He cited no federal caselaw whatsoever, and the state cases and authorities cited did not involve similar fact situations or employ any relevant constitutional analysis. Further, Petitioner's arguments before the Appellate Division did not call to mind any specific right protected by the constitution, nor did his claims allege a fact pattern well within the mainstream of constitutional litigation. Petitioner simply alleged that the Masten Park facility is not a "correctional facility" within the definition of the state Correction Law, and that the section of the state Penal Law providing penalties for assaulting a person while in a "correctional facility" should therefore not apply

to him. This was insufficient to "bring home to the [New York] courts the federal impact of [Petitioner]'s claims." *Asherman v. Meachum,* 932 F.2d 137, 142 (2d Cir.1991), *vacated and remanded on other grounds,* 957 F.2d 978 (2d Cir.1992).

Thus, not only was the state's highest court never given the opportunity to pass on Petitioner's claims, those claims were not presented to the Appellate Division in such a manner as to put that court on notice of their federal nature. Accordingly, I find that Petitioner failed to exhaust his state court remedies as to both grounds for habeas corpus relief asserted in the petition.

### CONCLUSION

For the reasons set forth above, I recommend that the petition be dismissed in its entirety.

**DATED: Buffalo, New York**

**May 17, 1993**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or*

*with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the Petitioner and the attorney for the Respondent.

**SO ORDERED.**

**DATED: Buffalo, New York**

**May 17, 1993**